UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Aixiang Kong,** | No. 23-cv-01536-NRM-CLP |
| Plaintiff, | **Memorandum and Order** |
| v. | |
| **Dajin Realty Inc.; Steven Gee; Bronx County Housing Court;** and **Queens County Housing Court,** | |
| Defendants. | |

**NINA R. MORRISON**, United States District Judge:

Plaintiff Aixiang Kong, who resides in Wilmington, Delaware, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the required $402.00 filing fee. For the reasons discussed below, Plaintiff's claims against Bronx County Housing Court and Queens County Housing Court are dismissed. Plaintiff's claims against Dajin Realty Inc. and Steven Gee shall proceed.

## LEGAL STANDARD

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A document filed *pro se* is to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

The Court does not take lightly dismissal of claims filed by a *pro se*

litigant. Indeed, it reserves dismissal only for cases where it is "unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) (quoting *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999)); *see also Brookins v. Figuccio*, No. 22-731-cv, 2023 WL 2579043, at *2 (2d Cir. Mar. 21, 2023) (vacating *sua sponte* dismissal for lack of subject matter jurisdiction).

Still, even when a plaintiff has paid the filing fee, a district court may dismiss a case *sua sponte*, or on its own, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009).

## DISCUSSION

Plaintiff's allegations pertain to court proceedings in Queens and Bronx County Housing Courts concerning disputes regarding leases. Compl., ECF No. 1. Plaintiff seeks money damages and injunctive relief. *Id.* at 6. But Plaintiff's claims against these state courts cannot proceed here because, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity. . . . " *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted); *see also Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Because the Bronx County Housing Court and Queens County Housing Court are part of the New York State Unified Court

System, *see* N.Y. Const., Art. 6, § 1(a), the Eleventh Amendment bars Plaintiff's claims against these state courts from proceeding in federal court. *See Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity.") (citation omitted); *see also Kelly v. New York State Unified Ct. Sys.*, No. 21-1633, 2022 WL 1210665, at *3 (2d Cir. Apr. 25, 2022) (dismissing appeal of suit against New York state court due to sovereign immunity). Plaintiff's allegations against the courts may or may not have merit, but the Eleventh Amendment bars the Court from addressing those allegations here.

## Conclusion

Plaintiff's claims against Bronx County Housing Court and Queens County Housing Court are dismissed based on sovereign immunity. Fed. R. Civ. P. 12(h)(3). Plaintiff's claims against Dajin Realty Inc. and Steven Gee shall proceed. This action is referred to Magistrate Judge Cheryl L. Pollak for pretrial supervision.

The Court also grants Plaintiff's application for participation in electronic case filing. Still, Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of Plaintiff's current address obstructs the Court's ability to contact Plaintiff and may result in dismissal of the case.

For information regarding court procedures, Plaintiff may contact the Pro Se Office at the United States Courthouse in Brooklyn by calling 718-613-2665 or visiting the Court's website at https://www.nyed.uscourts.gov.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                             */s/ NRM*
                                             NINA R. MORRISON
                                           United States District Judge

Dated:    March 24, 2023
             Brooklyn, New York