UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AIXIANG KONG

        Plaintiff,

   -against-

DAJIN REALITY, INC., STEVEN
GEE, BRONX COUNTY HOUSING
COURT, and QUEENS COUNTY
HOUSING COURT

        Defendants.

**MEMORANDUM AND ORDER**

Case No. 23-CV-1536 (FB) (CLP)

*Appearances:*
*For the Plaintiff*:
AIXIANG KONG, *pro se*
58 Marta Drive
Wilmington, DE 19808

*For the Defendants*:
STEVEN GEE
Steven T. Gee, P.C.
121 Chrystie Street
New York, NY 10002

**BLOCK, Senior District Judge:**

    *Pro se* Plaintiff Aixiang Kong ("Kong") brings this diversity action[1] against

Defendants Dajin Reality, Inc. ("Dajin Reality") and Steven Gee ("Gee"), seeking

injunctive relief and punitive damages.   For the following reasons, Defendants'

---

[1] Kong, who states that she resides in Delaware, claims diversity jurisdiction. "In deciding whether there is jurisdiction over a claim, the court accepts as true all factual allegations," *see Goonewardena v. New York*, 475 F. Supp. 2d 310, 321 (S.D.N.Y. 2007), and Defendants do not contest the Court's jurisdiction.

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

## I. BACKGROUND

On a Rule 12(b)(6) motion to dismiss, the Court assumes the complaint's factual allegations, but not legal conclusions, to be true, *see Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013), and may take judicial notice of public records, including here, proceedings from state housing court. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide*, Inc., 369 F.3d 212, 217 (2d Cir. 2004). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include enough facts to state a claim to relief that is facially plausible, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "filed *pro se* is to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

This case springs from a housing dispute between Kong, landlord Dajin Reality, and Dajin Reality's attorney, Gee. In 2013, Kong signed a lease for the Second Floor Apartment at 132-31 41st Street, Flushing, New York 11355 ("the

Premises"). Kong claims that in 2015, she filed for an uncontested divorce against non-party Changhe Cheng ("Cheng"), moved out from the Premises, and did not return. However, according to Kong, Dajin Realty nonetheless printed Kong's name on the 2016 lease for the Unit, which she learned of in 2019.

Dajin Reality eventually brought a holdover proceeding against Kong, which Judge Maria Ressos of the Queens County Housing Court dismissed on August 28, 2019. However, Judge Ressos held that this dismissal was without prejudice for claims for past use and occupancy, which could be sought in a nonpayment proceeding.

Dajin Realty did exactly that, commencing a nonpayment action against Kong, Cheng, and Kong's son in September 2019. In a May 8, 2020, decision, Judge Scott-McLaughlin found that Kong was the Tenant of Record of the Subject Premise because she executed lease agreements for the second and third floor, although Dajin Reality did not present evidence regarding Kong's tenancy or current occupancy of the Premises. However, based on a misunderstanding of Cheng's testimony, Judge Scott-McLaughlin erroneously found that Kong was deceased and accordingly declined to award a default judgment against Kong.

Correcting this mistake, Judge Scott-McLaughlin issued a subsequent Decision and Order on January 6, 2023, in which she vacated both the finding that Kong was deceased and the previous dismissal of the nonpayment proceedings.

Citing Kong's failure to appear at trial or file an answer, Judge Scott-McLaughlin awarded a default judgment and warrant of eviction against Kong.

In March 2023, Kong commenced this action against Dajin Realty, Dajin Realty's attorney Gee, and the Bronx and Queens County Housing Courts. Before the case was transferred to this Court, Judge Morrison held that the Eleventh Amendment's sovereign immunity barred Kong's claims against the Bronx and Queens County Housing Courts. *See Kong v. Dajin Realty Inc.*, No. 23-CV-01536-NRM-CLP, 2023 WL 2623556, at *2 (E.D.N.Y. Mar. 24, 2023).

## II.    DISCUSSION

The gravamen of Kong's Complaint is that she has been improperly dragged through nonpayment proceedings, as she is the "wrong party" in these proceedings because she moved from the Premises in 2015. Kong specifically appears to take issue with Judge Scott-McLaughlin's finding that Kong was a tenant of record for the Premises and the ultimate default judgment and warrant of eviction awards against Kong.

To the extent that Kong seeks federal judicial review of the New York state housing courts' decisions, the Court lacks subject-matter jurisdiction to do so under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine prevents review of a case "brought by a state-court loser complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Hoblock v. Albany Cty. Bd. of Elections*, 422 F. 3d 77, 85 (2d Cir. 2005) ("in some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments"). If Kong is dissatisfied with Judge Scott-McLaughlin's judgment and believes she should be excluded from the state housing court proceedings, her remedy "is to appeal such matters within the state court judicial system." *See Brown v. Rosen*, No. 19-CV-6786 (CM), 2019 WL 5593020, at *2 (S.D.N.Y. Oct. 29, 2019).

Turning to the merits of the claims not precluded by the *Rooker-Feldman* doctrine, it is unclear from the Complaint which claims Kong brings against Defendants — it does not name specific claims, seeking instead injunctive relief and punitive damages. Accordingly, the Court liberally construes Kong's Opposition papers as indicating that she brings claims for intentional infliction of emotional distress ("IIED"), defamation, abuse of process, and harassment.

### A. Intentional Infliction of Emotional Distress

First, Kong appears to bring a claim for IIED against Defendants, ostensibly for their filing the nonpayment proceedings. An IIED claim under New York law requires: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe

5

emotional distress." *See Coggins v. Cnty. of Nassau*, 254 F. Supp. 3d 500, 523 (E.D.N.Y. 2017) (quoting *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996)).  The conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Id.* (quoting *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985)).

Here, Kong fails to state an IIED claim.  Defendants' commencement of the nonpayment proceedings does not constitute "extreme and outrageous conduct," especially because Judge Scott-McLaughlin found in Dajin Reality's favor.  *See O'Bradovich v. Vill. of Tuckahoe*, 325 F. Supp. 2d 413, 435 (S.D.N.Y. 2004) ("[T]he mere commencement of a civil action, even if alleged to be for the purposes of harassment or intimidation, is insufficient to support a claim of IIED.").

## B. Defamation

Kong also cannot maintain a defamation claim against Defendants.  First, she fails to identify any allegedly defamatory statements.  *See Traylor v. Hammond*, 94 F. Supp. 3d 203, 217 (D. Conn. 2015) ("A complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made, by whom, and to whom.") (cleaned up).

Second, and more fundamentally, Defendants cannot be held liable for any allegedly defamatory statements they made during litigation.  In New York, "it is well-settled that statements made in the course of litigation are entitled to absolute privilege" from defamation, s*ee Front, Inc. v. Khalil*, 24 N.Y.3d 713 (2015), which clearly applies to statements made in pleadings and in courts.  *See O'Brien v. Alexander*, 898 F. Supp. 162, 171 (S.D.N.Y. 1995), *aff'd*, 101 F.3d 1479 (2d Cir. 1996).  As Kong alleges that Defendants made "false and harmful statements . . . to numerous individuals during the litigation process in the lower civil courts" and "in their Motion to Dismiss," absolute privilege shields the Defendants from liability for any allegedly defamatory statements.

### C. Abuse of Process

An abuse of process claim in New York requires "1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective."  *See Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984).

Kong fails to state a claim for abuse of process.  First, commencing a civil action by summons and complaint is insufficient to meet the first element — the process used must unlawfully interfere with the plaintiff's person or property.  *Id*.  Second, Kong fails to demonstrate how process was improperly used.  "Mere allegations of malicious motivation on the part of the defendants in bringing the

underlying action are insufficient, however, to give rise to an abuse of process cause of action." *Colina v. One E. River Place Realty Co.*, LLC, No. 99 CIV. 5173 (DC), 2000 WL 1171126, at *4 (S.D.N.Y. Aug. 17, 2000). Given the housing court's finding in Dajin Reality's favor, the Court cannot conclude that the Defendants improperly abused process.

### D. Other Potential Claims

Liberally construing Kong's complaint, as we must, the Court searches in vain for another potential claim. While harassment is a crime under the New York Penal Code, there is no civil claim for harassment outside the employment context. *See New York ex rel. Spitzer v. Cain*, 418 F. Supp. 2d 457, 486 (S.D.N.Y. 2006) ("New York does not recognize a civil cause of action for harassment.") (quoting *Broadway Central Property Inc. v. 682 Tenant Corp.*, N.Y.S.2d 225, 227 (1st Dep't 2002)). Moreover, Kong cannot maintain a claim for malicious prosecution of a civil action because she cannot establish that the nonpayment proceedings terminated in her favor. *See Colina v. One E. River Place Realty Co., LLC*, No. 99 CIV. 5173 (DC), 2000 WL 1171126, at *3 (S.D.N.Y. Aug. 17, 2000) (dismissing claim because non-primary residence proceeding did not terminate in her favor). Thus, Kong has failed to state a viable claim.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 16, 2024